## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

<table>
<tr><td>

FIREMAN'S FUND INSURANCE
COMPANY, a/s/o S.L. MANAGEMENT
GROUP LLC and 6 AIRPORT ROAD, LLC,

      **Plaintiff,**

  v.

**360 STEEL ERECTORS, INC.,
MONMOUTH EQUIPMENT SALES CO.
INC., BLUESCOPE BUILDINGS NORTH
AMERICA, INC., and VARCO PRUDEN
BUILDINGS, a division of BlueScope
Buildings North America, Inc.,**

      **Defendants.**

</td><td>

Civ. No. 2:16-02782

**OPINION**

</td></tr>
</table>

**WILLIAM J. MARTINI, U.S.D.J.:**

     Plaintiff Fireman's Fund Insurance Company brings this action against 360 Steel Erectors, Inc. ("360 Steel"), Monmouth Equipment Sales Company, Inc. ("Monmouth"), BlueScope Buildings North America, Inc. ("BlueScope") and an unincorporated division of BlueScope, Varco Pruden Buildings ("VP") (collectively "Defendants"), alleging negligence and breach of contract claims, in connection with Defendants' purported faulty construction of an airport hangar. This matter comes before the Court on Defendant BlueScope's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, in the alternative, motion to sever Plaintiff's Count III and transfer venue pursuant to 28 U.S.C. § 1404(a). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, BlueScope's motions to dismiss and transfer are **DENIED**.

## I.    BACKGROUND

     Plaintiff is an insurance company incorporated in Illinois and is the subrogee of S.L. Management Group, LLC ("SL") and 6 Airport Road, LLC ("the insureds"). Second Am. Compl. ("2AC") ¶ 1, ECF No. 59. 360 Steel and Monmouth are construction businesses incorporated in New Jersey. *Id.* ¶¶ 2–3. BlueScope is a Missouri corporation that produces unassembled, pre-engineered building components. *Id.* ¶ 4; *see also* Mem. of Law in Supp. of Def. BlueScope's Mot. to Dismiss ("Def.'s Mem.") 1, ECF No. 67-1. VP is an unincorporated subdivision of BlueScope that furnished building components to SL. *See* Def.'s Mem. at 1.

This matter arises out of the collapse of an airport hangar in Morristown, New Jersey. In December 2013, Plaintiff's insureds contracted with Monmouth to construct an airport hangar at 6 Airport Road. 2AC ¶ 9. Monmouth, in turn, subcontracted with 360 Steel to perform the steel erection of the hangar. *Id.* ¶ 10. The insureds purchased pre-engineered metal components from BlueScope and VR for the construction of the hangar. *See* Def.'s Mem. at 1. On January 16, 2015, the hangar's steel framework collapsed during construction, causing substantial damage, including severe injuries to one construction worker. *Id.* ¶ 12; *see* Def. Monmouth's Mem. of Law in Opp'n to Def. BlueScope's Mot. to Dismiss ("Monmouth's Mem.") 2, ECF No. 76. Plaintiff paid its insureds $1,379,511.95 in claims, representing the insureds' damages caused by the collapse. 2AC ¶ 15.

Plaintiff's Second Amended Complaint (the "Complaint") asserts three causes of action:

(1) <u>Count I</u>: negligence against 360 Steel for its participation in the faulty construction of the hangar, *id.* ¶¶ 17–20;

(2) <u>Count II</u>: negligence against Monmouth for its participation in the faulty construction of the hangar, *id.* ¶¶ 21–23;

(3) <u>Count III</u>: breach of contract against BlueScope for failing to pay its share of costs incurred by the transportation and storage of evidence, which it agreed to pay by executing the cost-sharing agreement, *id.* ¶¶ 24–30.

BlueScope now moves to dismiss Count III or, in the alternative, sever Count III and transfer venue to the Western District of Missouri ("WDM"). BlueScope advances three arguments in support of its motion. First, it argues that the Court lacks subject matter jurisdiction because the Complaint fails to demonstrate that Plaintiff has standing to sue for breach of contract. Specifically, the Complaint does not establish that Plaintiff is a party to the cost-sharing agreement and it, therefore, lacks standing to enforce it. *See* Def.'s Mem. at 12–15. Second, BlueScope argues that the Complaint fails to allege that it breached a contract with Plaintiff or the insureds. *See id.* at 15–17. Finally, BlueScope alternatively argues that the Court should sever Count III and transfer to WDM pursuant to the forum-selection clause in the purchase order, which the insureds agreed to upon purchasing the components for the hangar. *See id.* at 17–24.

Plaintiff opposes, arguing that its Complaint sufficiently pleads that there is a valid contract between BlueScope and the other parties for the sharing of costs associated with preserving evidence of the collapse. In the event that the Court finds that Plaintiff was not a party to the cost-sharing agreement, Plaintiff argues that it was a beneficiary to that agreement. *See* Pl.'s Mem. of Law in Opp'n to Def. BlueScope's Mot. ("Pl.'s Opp'n") 7–10, ECF No. 73. Plaintiff also opposes transfer, arguing that the forum-selection clause in the purchase order does not apply here because the cost-sharing agreement is a wholly separate contract that does not contain that same clause. *See id.* 10–13.

In its reply, BlueScope reiterates that Plaintiff is not a party to the cost-sharing agreement and further argues that the Complaint does not allege that Plaintiff is an intended third-party beneficiary to that agreement. *See* Def. BlueScope's Reply in Supp. of Mot. to

Dismiss ("Def.'s Reply") 1–5, ECF No. 83. BlueScope also argues that the forum-selection clause applies because the cost-sharing agreement "relates to" the sale of its components to the insureds. *See id.* at 8–13.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a facial attack, the court must consider the allegations of the complaint in the light most favorable to the plaintiff. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Generally, where a party seeks to transfer pursuant to a valid forum-selection clause, a district court will enforce that clause "in all but the most unusual cases." *See Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 583 (2013). In cases where parties and non-parties to the clause are present, however, courts in the Third Circuit undertake a four-step inquiry regarding transfer,

considering in sequence: (1) the forum-selection clauses; (2) the private and public interests relevant to the non-contracting parties; (3) threshold issues related to severance; and (4) which transfer decision most promotes efficiency while minimizing prejudice to non-contracting parties' private interests." *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 404 (3d Cir. 2017).

## III.    DISCUSSION

The Court addresses each of BlueScope's Rule 12 arguments before turning to its transfer argument. Ultimately, the Court finds that Plaintiff has pleaded sufficient facts that, if true, would satisfy the four elements of a breach of contract claim. The Court further finds that transfer of venue is not warranted here and it denies BlueScope's motions.

In New Jersey, "[the] law imposes on a plaintiff the burden to prove four elements: first, that '[t]he parties entered into a contract containing certain terms'; second, that 'plaintiff[s] did what the contract required [them] to do'; third, that 'defendant[s] did not do what the contract required [them] to do,' defined as a 'breach of contract'; and fourth, that 'defendant[s'] breach, or failure to do what the contract required, caused a loss to the plaintiff[s].'" *Globe Motor Co. v. Igdalev*, 139 A.2d 57, 64 (N.J. 2016) (quoting *Model Jury Charge (Civil)*, § 4.10A). The Court easily rejects BlueScope's arguments that Plaintiff lacks standing to sue for breach of contract and that the Complaint failed to state a claim for breach of contract.

In New Jersey, "[t]he subrogee, which succeeds to the position of the subrogor, may recover only if the subrogor likewise could have recovered; the subrogee gains no additional rights and is subject to all defenses that were available against the subrogor." *See Holloway v. State*, 593 A.2d 716, 720 (N.J. 1991). Thus, even if Plaintiff is not a party to the cost-sharing agreement, Plaintiff retains whatever contractual rights its insureds obtained through that agreement.[1]

BlueScope argues that the Complaint fails to allege facts that establish Plaintiff's or its insureds' right to payment under the agreement. *See* Def.'s Mem. at 15. The Court disagrees. The Complaint plainly states that parties interested to the hangar collapse, including consultants and *insurance representatives*, met at the scene on numerous occasions and ultimately agreed to a cost-sharing arrangement. *See* 2AC ¶¶ 24, 26–28. It also specifically states that BlueScope was present at those meetings. *See id.* ¶ 25. Moreover, Exhibit A to the Complaint is a copy of the agreement apparently executed by VP's representative, Rene Paquin. *See id.*, Ex. A. Finally, the Complaint explicitly alleges that BlueScope failed to meet its obligations under the agreement by refusing to pay its share of the costs associated with the transportation and storage of the evidence. *Id.* ¶ 30. Obviously, if true, such refusal would damage all of the other parties to the agreement by increasing their share of the costs. The Court, therefore, finds that the Complaint plausibly alleges that BlueScope is a party to the cost-sharing agreement and that Plaintiff, at a

---

[1] The Court makes no determination as to whether Plaintiff was or was not a party to the cost-sharing agreement because its status as subrogee to the insureds makes such a determination unnecessary at this time.

minimum, has standing to enforce that agreement as the subrogee of its insureds. It further finds that the Complaint adequately alleges the four elements of a breach of contract claim.

Second, the Court does not agree with BlueScope that the forum-selection clause applies to the cost-sharing agreement as it "relates to" the purchase order. The purchase order is a bilateral agreement between the insureds and BlueScope, which arose out of the purchase of the steel components of the hangar. The cost-sharing agreement is a multilateral agreement with multiple parties that are not privy to the purchase order, which arose out of the collapse of the hangar. It concerns the cost of preserving evidence for the duration of the parties' investigations into the cause of the collapse and potential subsequent litigation. While BlueScope's involvement in the instant litigation originates from its sale of the components, it does not follow that everything in succession thereto is "related to" that same transaction. The cost-sharing agreement is a separate agreement that resulted from a separate incident. The forum-selection clause does not apply over the plain meaning of the cost-sharing agreement, which does not contain such a clause and to which BlueScope apparently assented through the execution by its subdivision, VP. The Court, therefore, finds that transfer is not warranted.[2] Accordingly, BlueScope's motions are **DENIED**.

## IV.    CONCLUSION

For the reasons stated above, Defendants' motions to dismiss and transfer venue are **DENIED**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 26, 2016**

---

[2] The Court need not undertake the Third Circuit's four-step inquiry because it finds that no forum-selection clause applies to the cost-sharing agreement.