# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a/s/o S.L. MANAGEMENT GROUP LLC and 6 AIRPORT ROAD, LLC,<br><br>Plaintiff,<br><br>v.<br><br>360 STEEL ERECTORS, INC., MONMOUTH EQUIPMENT SALES CO. INC., BLUESCOPE BUILDINGS NORTH AMERICA, INC., and VARCO PRUDEN BUILDINGS, a division of BlueScope Buildings North America, Inc.,<br><br>Defendants. | Civ. No. 2:16-02782<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Fireman's Fund Insurance Company brings this action against 360 Steel Erectors, Inc. ("360 Steel"), Monmouth Equipment Sales Company, Inc. ("Monmouth"), BlueScope Buildings North America, Inc. ("BlueScope") and an unincorporated division of BlueScope, Varco Pruden Buildings ("VP"), alleging negligence and breach of contract claims, in connection with Defendants' purported faulty construction of an airport hangar. This matter comes before the Court on Defendant BlueScope's motions to dismiss Defendants 360 Steel and Monmouth's (collectively "Co-Defendants") crossclaims for contribution and indemnification, and on Co-Defendants' motions to amend their pleadings. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, BlueScope's motions to dismiss are **GRANTED in part** and **DENIED in part**. Co-Defendants' motions to amend are also **GRANTED in part** and **DENIED in part**.

1

## I. BACKGROUND

Plaintiff is an insurance company incorporated in Illinois and is the subrogee of S.L. Management Group, LLC ("SL") and 6 Airport Road, LLC ("the insureds"). Second Am. Compl. ("2AC") ¶ 1, ECF No. 59. 360 Steel and Monmouth are construction businesses incorporated in New Jersey. *Id*. ¶¶ 2–3. BlueScope is a Missouri corporation that produces unassembled, pre-engineered building components. *Id*. ¶ 4. VP is an unincorporated subdivision of BlueScope that furnished building components to SL. *See* BlueScope's Mem. of Law in Supp. of Mot. to Dismiss 360 Steel's Crossclaim ("BlueScope's 360 Mem.") 1 n.1, ECF No. 69-1.

This matter arises out of the collapse of an airport hangar in Morristown, New Jersey. In December 2013, Plaintiff's insureds contracted with Monmouth to construct an airport hangar at 6 Airport Road. 2AC ¶ 9. Monmouth, in turn, subcontracted with 360 Steel to perform the steel erection of the hangar. *Id*. ¶ 10. The insureds purchased pre-engineered metal components from BlueScope for the construction of the hangar. *See* Op. 2, ECF No. 86. On January 16, 2015, the hangar's steel framework collapsed during construction, causing substantial damage, including severe injuries to one worker. *See id.*; 2AC ¶ 12. Plaintiff paid its insureds $1,379,511.95 in claims, representing the insureds' damages caused by the collapse. 2AC ¶ 15.

Plaintiff filed suit against 360 Steel and Monmouth, alleging negligence against both in their participation of the hangar's faulty construction. *Id*. ¶¶ 17–23. Plaintiff also alleged a breach of contract claim against BlueScope for failing to pay its share of costs incurred by the parties in preserving evidence of the collapse. *Id*. ¶¶ 24–30. In its answer, Monmouth filed crossclaims against 360 Steel and BlueScope for contribution and common law indemnification. *See* Monmouth's Cross-Claims 9–10, ECF No. 60. 360 Steel filed similar crossclaims against Monmouth and BlueScope, with an additional claim for contractual indemnification. *See* 360 Steel's Cross-Claims ¶¶ 16–23, ECF No. 63.

BlueScope now moves to dismiss all of Co-Defendants' crossclaims, arguing that their common law indemnification claims fail because their pleadings do not allege a special legal relationship between BlueScope and either 360 Steel or Monmouth. *See* BlueScope's 360 Mem. 10–12; BlueScope's Mem. of Law in Supp. of Mot. to Dismiss Monmouth's Crossclaims ("BlueScope's Mon. Mem.") 6–9, ECF No. 70-1. BlueScope argues that 360 Steel's contractual indemnification claim fails because it does not allege the existence of a contract between it and BlueScope. *See* BlueScope's 360 Mem. at 7–10. BlueScope further argues that Co-Defendants' crossclaims for contribution fail because they do not allege facts sufficient to establish how BlueScope is jointly liable with Co-Defendants for Plaintiff's damages. *See* BlueScope's 360 Mem. at 12–15; BlueScope's Mon. Mem. at 9–11.

Both Co-Defendants respond by submitting that discovery undertaken by the parties in a related state-court personal injury case, in which a 360 Steel employee filed suit for injuries suffered from the hangar's collapse, establishes BlueScope's liability. *See*

Monmouth's Mem. of Law in Opp'n to BlueScope's Mot. to Dismiss ("Mon. Opp'n") 2–6, ECF No. 74-1; Br. in Supp. of 360 Steel's Opp'n to BlueScope's Mot. to Dismiss ("360 Opp'n") 7–13, ECF No. 77-2.[1] Specifically, deposition testimony from the personal injury case suggests that the hangar components produced by BlueScope potentially contained design defects. *See* Mon. Opp'n at 1–2, 6; 360 Opp'n at 6–7. Both Co-Defendants submit that their crossclaims plead sufficient facts to survive BlueScope's motion to dismiss; however, both also seek to amend their pleadings with more facts revealed during discovery in the personal injury case. *See* Mon. Opp'n at 6–8; 360 Opp'n at 14–17. Monmouth attached to its moving papers a proposed amended answer and crossclaim, specifically alleging design defects in BlueScope's components. *See* Am. Answer to Second Am. Compl. & Cross-Claims ("Mon.'s Proposed Am.") 11–12, ¶¶ 13–16, ECF No. 74-6. 360 Steel seeks leave from the Court to file an amended pleading, but did not include a proposed amendment with its filing. *See* 360 Opp'n at 17.

In its reply briefs, BlueScope opposes Co-Defendants' motions to amend, arguing that any such amendments would be futile. *See* BlueScope's Reply in Supp. of Mot. to Dismiss 360 Steel's Crossclaim ("BlueScope's 360 Reply") 19–22, ECF No. 80; BlueScope's Reply in Supp. of Mot. to Dismiss Monmouth's Crossclaim ("BlueScope's Mon. Reply") 12–13, ECF No. 81. BlueScope also argues that the Court should not consider certain factual allegations advanced by Co-Defendants for the first time in their opposition briefs because they are extraneous to their pleadings. *See* BlueScope's 360 Reply at 1–2; BlueScope's Mon. Reply at 1–4.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual

---

[1] Unfortunately, 360 Steel's brief does not include page numbers. The Court, therefore, refers to the ECF pagination found at the top of the electronically filed document when citing to 360 Steel's opposition.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Federal Rule of Civil Procedure 15(a)(2) provides, "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Local Civil Rule 7.1(f) for the District of New Jersey provides, "Upon filing a motion for leave to file an amended complaint or answer . . ., the moving party shall attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled. If leave to file is granted, the moving party shall file the original forthwith." The Third Circuit applies a "liberal amendment philosophy." *See Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). District courts considers the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and (5) futility of the amendment. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.  DISCUSSION

The Court first addresses Co-Defendants' motions to amend their pleadings because of the Third Circuit's liberal amendment policy and in the interest of judicial efficiency. Thereafter, the Court addresses the merits of BlueScope's motions for dismissal.

### A.  Co-Defendants' Motions for Leave to Amend Their Pleadings

Monmouth properly followed Local Rule 7.1(f) by attaching a proposed amendment to its motion for leave to amend. In its proposed amendment, Monmouth adds four new paragraphs that explicitly allege that "the design and manufacture of the prefabricated building by BlueScope was defective in that it did not contain components which could be assembled as designed." *See* Mon.'s Proposed Am. 11, ¶ 13. They also allege that the "erection plans did not provide for a temporary bracing plan necessary to prevent collapse," that the steel bolts used in the design "were not sufficient to withstand the weight/load of the prefabricated building," and that the prefabricated building was "otherwise defective." *See id*. 11–12, ¶¶ 14–16. If true, these allegations establish a potential cause of action against BlueScope. The Court, therefore, **GRANTS** Monmouth's motion for leave to amend and it shall file its amended crossclaim upon the issuance of the Court's accompanying order.

360 Steel did not attach a proposed amended crossclaim with its motion for leave to amend and it, therefore, fails to follow Local Rule 7.1. Without a proposed amended crossclaim, the Court cannot assess whether 360 Steel's amendments would state a cause of action. The Court, therefore, **DENIES** 360 Steel's motion for leave to amend but

4

underscores that 360 Steel is free to file a renewed motion that properly follows the Local Rule upon the issuance of the Court's accompanying order.

### B. BlueScope's Motions to Dismiss

In light of the above, the Court assesses BlueScope's motions to dismiss Co-Defendants' crossclaims against Monmouth's proposed amendments. The Court finds that Monmouth's amended crossclaim sufficiently pleads a cause of action for contribution; however, it does not establish a claim for common law indemnification. Additionally, even assuming that 360 Steel files a proper motion to amend, the Court finds that any further amendments by Co-Defendants would be futile in establishing claims for common law or contractual indemnification.

#### i. Contribution

Under New Jersey's Joint Tortfeasors Contribution Law, a right of contribution exists between joint tortfeasors where one such tortfeasor pays a money judgment for damages in excess of her pro rata share of that judgment. *See* N.J.S.A. 2A:53A-3. Joint tortfeasors are "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." N.J.S.A. 2A:53A-1. New Jersey's Comparative Negligence Act provides a tortfeasor defendant with a contribution claim when she is compelled to pay more than her percentage share of the damages owed. *See Jones v. Morey's Pier, Inc.*, 165 A.3d 769, 784–85 (N.J. 2017) (quoting N.J.S.A. 2A:15-5.3(e)).

"It is well settled that 'the true test [for joint tortfeasor contribution] is join liability and *not* joint, common or concurrent negligence.'" *Cherry Hill Manor Assocs. v. Faugno*, 861 A.2d 123, 127–28 (N.J. 2004) (emphasis original) (quoting *Farren v. N.J. Tpk. Auth.*, 106 A.2d 752, 755 (N.J. Super. Ct. App. Div. 1954)). "The test's core proposition may be stated succinctly: It is common liability at the time of the accrual of plaintiff's cause of action which is the Sine qua non of defendant's contribution right." *Id*. (internal quotation and citation omitted).

As stated above, Monmouth's amended crossclaim alleges design defects in BlueScope's prefabricated steel components, which Plaintiff's insureds bought from BlueScope for the construction of the hangar. If true, Monmouth's allegations establish that BlueScope is jointly liable for the hangar's collapse. Monmouth, therefore, has sufficiently pleaded its crossclaim for contribution against BlueScope. Accordingly, BlueScope's motion to dismiss that crossclaim is **DENIED**.

360 Steel's current crossclaim does not sufficiently plead a contribution claim. It merely states that BlueScope designed and manufactured the hangar but it makes no mention of any design defects. *See* 360 Steel's Answer to Pl.'s Second Am. Compl. 11, ¶ 7, ECF No. 63. The Court, therefore, finds that 360 Steel's crossclaim in its current form does not sufficiently plead a claim for contribution. Accordingly, BlueScope's motion to dismiss that crossclaim is **GRANTED** and it is **DISMISSED WITHOUT PREJUDICE**.

ii. Indemnification

"Indemnification is available under New Jersey law in two situations: when a contract explicitly provides for indemnification or when a special legal relationship between the parties creates an implied right to indemnification." *Allied Corp. v. Frola*, 730 F. Supp. 626, 639 (D.N.J. 1990), *abrogated on other grounds by Apgar v. Lederle Labs.*, 588 A.2d 380 (N.J. 1991). "In either case a party is entitled to indemnification only if he or she is without fault and his or her liability is purely constructive, secondary or vicarious." *Id.* (citations omitted). "It is the existence of a special legal relationship sufficient to impose certain duties and a subsequent breach of those duties that permits an implied indemnification." *Ruvolo v. U.S. Steel Corp.*, 336 A.2d 508, 511 (N.J. Super. Ct. Law Div. 1975). "Examples of special legal relationships that can give rise to liability include lessor-lessee, principal-agent and bailor-bailee." *Ferriola v. Stanley Fastening Sys., L.P.*, No. 04-cv-4043, 2007 WL 2261564, at *2 (D.N.J. Aug. 1, 2007) (citing *Ramos v. Browning Ferris Indus. of S. Jersey*, 510 A.2d 1152, 1158 (N.J. 1986)).

Here, neither Co-Defendant has sufficiently alleged a crossclaim for indemnification, nor could they if given the chance to amend their pleadings. First, there is no contract between BlueScope and either Monmouth or 360 Steel. BlueScope contracted with Plaintiff's insureds via a purchase order to provide the steel components for the hangar, but the Co-Defendants are not parties to or third-party beneficiaries of that contract. *See* Mem. of Law in Supp. of BlueScope's Mot. to Dismiss Count III of Pl.'s Second Am. Compl. 4, ECF No. 67-1; *see also id.*, Ex. 1, ECF No. 67-2 (the purchase order). The Court, therefore, **GRANTS** BlueScope's motion to dismiss 360 Steel's crossclaim for contractual indemnification and it is **DISMISSED WITH PREJUDICE**.

Second, neither Co-Defendant has alleged a special legal relationship with BlueScope that would give rise to a claim of implied indemnification. Plaintiff's insureds contracted with Monmouth to construct the hangar and Monmouth subsequently sub-contracted with 360 Steel. BlueScope contracted with the insureds via a purchase order to provide the prefabricated components of the hangar. Nothing about these transactions supports the type of special legal relationship between BlueScope and Co-Defendants required to establish a claim of implied indemnification. *See Ferriola*, 2007 WL 2261564, at *2 (finding that claim for indemnification failed where no contract or special legal relationship existed between a purchaser of a product and the manufacturer or seller of that product). The Court, therefore, **GRANTS** BlueScope's motion to dismiss Co-Defendants' crossclaims for implied or common law indemnification and those crossclaims are **DISMISSED WITH PREJUDICE**.

IV. CONCLUSION

For the reasons stated above, BlueScope's motions to dismiss Co-Defendants' crossclaims are **GRANTED in part** and **DENIED in part**. BlueScope's motions are granted with respect to Co-Defendants' crossclaims for indemnification and those crossclaims are **DISMISSED WITH PREJUDICE**. BlueScope's motion is granted with

respect to 360 Steel's crossclaim for contribution and that crossclaim is **DISMISSED WITHOUT PREJUDICE**. BlueScope's motion is denied with respect to Monmouth's crossclaim for contribution. Additionally, Monmouth's motion for leave to amend its pleadings is **GRANTED**. 360 Steel's motion for leave to amend its pleadings is **DENIED WITHOUT PREJUDICE**. An appropriate order follows.


       */s/ William J. Martini*
       **WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 26th, 2016**